FILED
SUPERIOR COURT
OF GUAM

2020 JUL 30 PM 4: 14

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0505-19 |
| vs. | |
| TOMMY CHARGUALAF FLORES, DOB: 09/22/1963 | DECISION AND ORDER |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 9, 2020, upon the Defendant's Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance or Unsecured Bond ("Motion for Bail Redetermination"), filed on June 25, 2019. Defendant Tommy Chargualaf Flores ("Defendant") was represented by Assistant Public Defender Brian Kegerreis. Assistant Attorney General Rolland Wimberley represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On November 13, 2019, the Defendant was charged via Magistrate's Complaint with Violation of a Court Order (as a Misdemeanor) and Harassment (as a Petty Misdemeanor) *See* Magistrate Complaint (Nov. 13, 2019). According to the Declaration attached to the Magistrate Complaint, the charges against the Defendant were based on allegations that the Defendant violated his pretrial release conditions in his Family Violence case in CM0249-19. *Id.* Specifically, on November 12, 2019, the victim in CM0249-19 filed a complaint with the Guam

Police Department that the Defendant, on or about October 12, 2019, terrorized her by stating that he will kill her. *Id.* The Defendant was ordered in CM0249-19 to restrain from threatening to commit or committing acts of violence against, or from harassing or annoying the victim or other family household members. *Id.* The Defendant was arrested and committed at the Department of Corrections the following day.

The Defendant remains in custody pending the posting of One Thousand Dollars ($1,000.00) cash bail. *See* Commitment Order (Nov. 13, 2019). The Defendant moves the Court for his release on personal recognizance or unsecured bond. *See* Motion (Jun. 25, 2019). The People did not file a written Opposition to the Defendant's motion. However, at the *ex parte* hearing, the People indicated that they did not oppose to the Defendant's release at this time.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; see Guam v. Song, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

Here, the Court recognizes that the Defendant is a life-long resident of Guam and that he has close familial and social ties to Guam. The Court does not view Defendant as a flight risk. However, the Court also notes the Defendant's family violence history against the alleged victim in this case, and his moderate ORAS-PAT score. At the hearing, the Court was made aware of the victim's request for the Defendant's release. The People did not oppose. However, in considering the Defendant's continued history of family violence against the victim, the Court finds *inter alia*, that releasing the Defendant on a personal recognizance bond without qualified third party custodians or electronic monitoring is insufficient to ensure the safety of the victim, despite her request for the Defendant's release.

Thus, in consideration of the factors above, the Court finds that releasing the Defendant on personal recognizance is unwarranted at this time. The Court however, may consider the Defendant's release to third party custodians or electronic monitoring upon later motion or subsequent application. Further, the Court finds that a One Thousand Dollar ($1,000.00) cash bail is an appropriate amount. Accordingly, the Court hereby **DENIES** the Defendant's Motion for Bail Redetermination.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Bail Redetermination is **DENIED**.

IT IS SO ORDERED ___7/30/20___.


_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**